```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

ARCHITETTURA, INC.,                  §
                                     §
            Plaintiff,               §
                                     § Civil Action No. 3:16-CV-3021-D
VS.                                  §
                                     §
DSGN ASSOCIATES INC., et al.,        §
                                     §
            Defendants.              §

MEMORANDUM OPINION
AND ORDER

Plaintiff Architettura, Inc. ("Architettura") moves for leave to file a third amended complaint and join two additional defendants. For the reasons that follow, the court grants the motion and directs the clerk of court to file Architettura's proposed third amended complaint.

I

The court will limit its discussion of the background facts and procedural history of this case to what is necessary to understand the decision on the instant motion.

Architettura filed this lawsuit against multiple defendants on October 28, 2016. With leave of court, it filed a first amended complaint on December 8, 2016. After several defendants moved to dismiss the first amended complaint, the court on its own initiative entered a January 25, 2017 order denying the motions without prejudice and directing that Architettura either adopt its first amended complaint as is or file a second amended complaint. The court stated:

> to reduce delay and expense, before addressing the sufficiency of plaintiff's first amended complaint, the court will permit plaintiff to evaluate defendants' motions and decide whether to adopt the first amended complaint as is or to file a second amended complaint. The court encourages counsel to confer in good faith regarding what is necessary to cure any pleading deficiencies so that unnecessary expense and delay related to resolving the sufficiency of plaintiff's pleadings can be avoided.

Jan. 25, 2017 Order at 2-3. This is a type of procedure that judges around the country are following in an attempt to reduce delay and expense associated with disputes over the pleadings, considering that so few cases are completely resolved on the pleadings alone.

On January 26, 2017 Architettura filed its second amended complaint, which several defendants have moved to dismiss. *See infra* § V. Additionally, three defendants have moved for protective orders to stay discovery until the court decides the motions to dismiss. *See id.*

On March 1, 2017 the court entered a scheduling order that set May 8, 2017 as the deadline for a party to file a motion for leave to join parties, and June 15, 2017 as the deadline for a party to file a motion for leave to amend pleadings. On June 15, 2017 Architettura filed the instant motion for leave to file a third amended complaint. Architettura contends that it obtained information during discovery regarding additional parties (or proper subsidiaries of current defendants) and instances of infringement that it would like to add to its complaint. Architettura seeks to add two defendants; to add allegations of infringement based on the use of protected drawings, images, and works in a marketing brochure by the owners of McKinney Millennium; and to "better . . . articulate its causes of action against the

various defendants," P. Br. 3.

Defendant Ellen Rourke ("Rourke") opposes the motion, contending that because it seeks to add parties, it is untimely under the scheduling order. She also maintains that granting leave to amend would be futile and would only cause the court and the parties to expend unnecessary time and resources completing yet another round of briefing on motions to dismiss. The "Bolin Defendants"[1] oppose Architettura's motion for largely the same reasons, and they also maintain that the parties Architettura seeks to add are not necessary parties under Fed. R. Civ. P. 19(a). Defendant Boston Capital Corporation ("Boston Capital") opposes the motion on the grounds that the parties Architettura seeks to add as defendants cannot be properly joined under Rule 20(a), and the proposed amendments are futile. Defendant Fort Worth Housing Authority ("FWHA") opposes the motion on the grounds that Architettura's proposed third amended complaint does not allege any new causes of action or new factual allegations of wrongdoing by FWHA, the proposed amendment is futile, and Architettura failed to comply with certain local rules.[2]

---

[1]The "Bolin Defendants" consist of the following: Brandon Bolin; McKinney Millennium LP; McKinney Millennium GP, LLC; GFD Holdings, LLC; McKinney Millennium II, LP; McKinney Millennium II GP, LLC; Avondale Farms Seniors GP, LLC; Avondale Farms Seniors, LP; GD 2.0 Holdings, LLC; Benetta Lee Rusk; Rusk Real Estate, LLC; GroundFloor Development; GD Opportunity I, LLC; TF Development Limited Partnership; and Blue Line Lofts, LP.

[2]FWHA contends, *inter alia*, that Architettura's counsel made no attempt to confer with FWHA's counsel before filing this motion, as required by N.D. Tex. R. 7.1(a), "inasmuch as FWHA's counsel did not receive a telephone call, message, email, or any other communication from Plaintiff's counsel before Plaintiff filed its Motion." FWHA Br. 5. Although the court does not in any way minimize the importance of complying with the

II

The court begins by addressing a threshold question. Architettura appears to contend that its motion is timely because it was filed by the June 15, 2017 deadline for filing a motion for leave to amend the pleadings. It therefore maintains that its motion is governed by the more lenient standard of Rule 15(a)(2). The court disagrees, in part.

Architettura requests permission to file its third amended complaint in order, *inter alia*, "to add additional Boston Capital entities."[3] P. Br. 2. Architettura seeks not only to amend its complaint but to join new parties. As this court has previously explained:

> [a] party cannot use a motion for leave to amend the pleadings as a device to circumvent the separate deadline for moving for leave to join parties. Such a reading of a scheduling order would effectively render meaningless the deadline for leave to join parties, because an amended pleading could be used to add parties.

*Grant v. Rathbun*, 2016 WL 1750572, at *2 (N.D. Tex. May 3, 2016) (Fitzwater, J.). Architettura was therefore required under the scheduling order to move for leave to join these parties no later than the May 8, 2017 deadline for a party to file a motion for leave to join

---

certificate of conference requirement of Rule 7.1(a), there is no indication that FWHA would have agreed to the relief Architettura seeks had the parties conferred before the motion was filed. In the circumstances presented here, the court will not deny Architettura's motion based on its counsel's alleged failure to confer with FWHA's counsel.

[3]Architettura identifies three "additional Boston Capital entities" that "comprise the operating entity for McKinney Millennium": Boston Capital Direct Placement, a Limited Partnership; BCP/McKinney Millennium, LLC the investment Limited Partner; and BCCC, Inc., the Special Limited Partner. P. Br. 2. In its proposed third amended complaint, however, Architettura only adds as defendants BCP/McKinney Millennium, LLC and BCCC, Inc.

- 4 -

other parties. Accordingly, to the extent Architettura seeks to add parties through the filing of a third amended complaint, the instant motion is untimely because it was filed on June 15, 2017, over one month after the May 8, 2017 deadline for a party to file a motion for leave to join other parties. This means that before the court can consider the merits of Architettura's request to join these parties, Architettura must satisfy the good cause standard of Rule 16(b)(4) for modifying the scheduling order to allow the motion to be filed.

III

The court must therefore decide first whether, with respect to Architettura's request to join two parties, it has met the good cause standard of Rule 16(b)(4) for modifying the scheduling order.

A

Rule 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). "Instead, the movant must show that, despite her diligence, she could not reasonably

have met the scheduling deadline." *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

The court assesses four factors when deciding whether to modify a scheduling order under Rule 16(b)(4): "(1) the explanation for the failure to timely [file the motion]; (2) the importance of the [motion]; (3) potential prejudice in allowing the [motion]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

Architettura does not address the Rule 16(b)(4) good cause standard in its motion for leave to file third amended complaint. It has not filed a reply to defendants' opposition responses, and therefore has not replied to defendants' assertions that Rule 16(b)(4) applies. "When a party files an untimely motion . . . and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1). But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear. *See,*

*e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."). Accordingly, because the grounds on which Architettura relies enable the court to apply the pertinent four-factor test, the court will consider on the present briefing whether Architettura has met the good cause standard of Rule 16(b)(4) to amend the scheduling order.

C

1

The court first considers Architettura's explanation for failing to timely file a motion for leave to join parties. Architettura contends that in response to its request for production of documents, certain defendants produced to Architettura, on or around May 9, 2017, a Second Amended and Restated Limited Partnership Agreement ("Agreement") that lists the entities that comprise the operating entity for McKinney Millennium (one of the projects in question), and that of the listed entities, the only one Architettura knew of was McKinney Millennium, GP, LLC ("McKinney GP"), a defendant in the case. Architettura also maintains that the other owners of the McKinney Millennium project appear to be owned or affiliated with Boston Capital, but that because Boston Capital has refused to respond to discovery requests, Architettura "cannot be entirely sure of the relationship until such responses are provided," and that, regardless, the additional entities "need to be added as parties, since they share in the liability for claims against [McKinney GP]." P. Br. 3.

The court concludes that Architettura's explanation is satisfactory. Architettura does

not explain why it waited until June 15, 2017 to move for leave to add parties (perhaps it did so based on the mistaken belief that it could properly add parties through a timely-filed motion for leave to amend the complaint). But it explains that, until it was provided discovery responses *after* the May 8, 2017 deadline for adding parties, it was unaware that the additional entities owned McKinney Millennium.

2

The court next considers the importance of the requested relief. Architettura contends that the additional parties must be added because they share liability for claims against McKinney GP. Architettura offers no explanation, however, for why it will not be able to fully recover the damages it seeks (and thus be made whole) by suing only McKinney GP. Accordingly, this factor weighs against granting leave.

3

The court will consider together the third factor—the potential prejudice to the defendants in allowing the amendment—and the fourth factor—the availability of a continuance to cure such prejudice.

Although defendants argue that they will be prejudiced if the court allows the amendment—because they will have to incur unnecessary time and resources completing another round of briefing on motions to dismiss[4]—no defendant specifically argues that the

---

[4]To the extent defendants argue that they will incur unnecessary time and resources completing another round of briefing on motions to dismiss, the court, for the reasons explained below, *see infra* § IV, is granting Architettura's timely filed motion for leave to file its third amended complaint, so regardless whether the court *also* permits Architettura

defendant will be prejudiced by the court's allowing Architettura's untimely motion for leave to add parties. Moreover, this case has not yet been set for trial. The lawsuit was initiated in October 2016, and it appears that discovery is at an early stage. If any defendant is prejudiced by Architettura's joining two defendants at this juncture, that defendant may move for a continuance to cure such prejudice.

D

Considering the factors holistically, the court concludes that the scheduling order should be modified to permit Architettura to file the instant motion for leave to amend, which essentially includes a motion for leave to join parties. Architettura has provided the court with a satisfactory explanation for its failure to meet the scheduling order deadline, and although the motion has not been shown to be important (because of the apparent availability of relief from the existing defendants), the court is not persuaded that any defendant will be prejudiced by the court's allowing these parties to be joined. Accordingly, treating Architettura's motion in part as an untimely request for leave to join parties, the court modifies the scheduling order to permit Architettura to file the request as a component of its motion for leave to file a third amended complaint.[5]

---

to add additional parties, defendants will have to file new motions to dismiss directed to the third amended complaint. Additionally, as the court notes above, "few cases are completely resolved on the pleadings alone." The parties could actually reduce the delay and expense involved in this dispute over the pleadings by attempting to resolve it by agreement and move to the discovery and summary judgment motion phases of the case, and, if necessary, to trial.

[5]By granting Architettura this relief, the court suggests no view concerning the propriety of joining BCP/McKinney Millennium, LLC or BCCC, Inc. under Rule 20(a). *See*

IV

The court now turns to Architettura's motion for leave to file third amended complaint.

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "'It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation omitted). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing cases).

Having considered the relevant factors, the court concludes that leave should be

---

*Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 795 n.22 (N.D. Tex. Mar. 25, 2008) (Fitzwater, C.J.) (granting motion for leave to amend complaint to add additional parties, but expressing no view concerning the propriety of joining the parties under Rule 20(a)).

granted. Architettura sought leave to amend before the court-ordered deadline. "The court in entering its scheduling order presumptively determined that a motion filed before the deadline for seeking amendments to pleadings would not be deemed dilatory." *Poly-Am, Inc.*, 2002 WL 206454, at *1. Nothing in the record persuades the court that this presumption of timeliness has been rebutted in this case. Although permitting Architettura to file a third amended complaint will likely result in another round of motions to dismiss, *but see supra* note 4, there is no suggestion that the new allegations in the third amended complaint will necessitate extensive changes to the motions that defendants have already briefed. And because the court has not yet decided any of the pending motions to dismiss, no judicial resources will be wasted if the court permits the amendment.

Regarding defendants' futility arguments, as this court has frequently noted,

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia*, 2006 WL 298156, at *1-2 (quoting *Poly-Am., Inc.*, 2002 WL 206454, at *1-2). Accordingly, the court grants Architettura's motion for leave to file third amended complaint.

V

In view of the court's decision granting Architettura's motion, it denies the following motions without prejudice as moot: (1) Boston Capital's February 9, 2017 motion to dismiss plaintiff's second amended complaint and jury demand under Rules 12(b)(2) and 12(b)(6);

(2) FWHA's February 9, 2017 motion to dismiss plaintiff's second amended complaint for lack of jurisdiction and failure to state a claim; (3) the February 9, 2017 motion of Benetta Lee Rusk and Rusk Real Estate LLC to dismiss under Rule 12(b)(6); (4) the February 9, 2017 motion of Rourke to dismiss under Rule 12(b)(6); (5) the February 13, 2017 motion of the Texas Department of Housing and Community Affairs to dismiss for lack of jurisdiction and failure to state a claim; the March 17, 2017 motion of Boston Capital for protective order to stay discovery; the March 23, 2017 motion of Avondale Farms Seniors, LP to dismiss; the March 28, 2017 motion of Blue Line Lofts, LP to dismiss under Rule 12(b)(6); the March 31, 2017 motion of FWHA for protective order to stay discovery; the April 5, 2017 motion of Rourke for protective order to stay discovery; and the April 7, 2017 motion of TF Development Limited Partnership to dismiss under Rule 12(b)(6).

\* \* \*

For the foregoing reasons, the court grants Architettura's motion for leave to file third amended complaint and directs the clerk of court to file Architettura's third amended complaint today. The court denies without prejudice as moot the pending motions to dismiss Architettura's second amended complaint and the pending motions for protective order to stay discovery.

**SO ORDERED**.

August 3, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE