# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ARCHITETTURA, INC. | § § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3021-S |
| | § § § | |
| DSGN ASSOCIATES, INC., et al. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants BCP/McKinney Millennium, LLC ("BCP") and BCCC, Inc.'s ("BCCC") Supplemental Motion to Dismiss Third Amended Complaint (the "Supplemental Motion") [ECF No. 124]. For the reasons set forth below, the Court grants the Supplemental Motion.[1]

## I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Sidney A. Fitzwater to the docket of this Court on March 8, 2018.

This dispute arises out of the alleged use of Plaintiff Architettura, Inc.'s ("Architettura") protected works in the development and marketing of various real estate projects. Architettura is a Texas architectural firm run by Frank Pollacia ("Pollacia"). Pl.'s Third Am. Compl. ("Compl.") 2. Through Architettura, Pollacia creates original works, such as architectural drawings and renderings. *Id.* Architettura contracted with Defendant Brandon Bolin ("Bolin"), a Texas lawyer,

---

[1] BCP and BCCC also joined in the Bolin Defendants' Motion to Dismiss [ECF No. 116]. The Court dismisses BCP and BCCC for the reasons contained in the order partially granting that motion in addition to the reasons contained herein.

to build housing projects using Architettura's intellectual property. *Id.* BCP and BCCC are the limited partners of one of Bolin's entities, McKinney Millennium, LP. *Id.* ¶ 21.

Bolin and Architettura first worked together on a project called Taylor Farms. *Id.* ¶ 19. Pursuant to an agreement with TF Development Limited Partnership, Architettura provided Bolin with the architectural plans for Taylor Farms. *Id.* These plans were registered with the Copyright Office. *Id.* (citing *id.* Exs. i-p). Bolin allegedly shared the plans with DSGN Associates, Inc. ("DSGN") and DSGN's owners, Robert and Patricia Meckfessel. *Id.* ¶ 20.

Bolin and Architettura next contracted to work together on Millennium, an apartment complex in McKinney, Texas. *Id.* ¶ 21. Architettura entered into an agreement with McKinney Millennium, LP. *Id.* Bolin is a partial owner of McKinney Millennium, LP, and BCP and BCCC are McKinney Millennium, LP's limited partners. *Id.* Per the agreement, Architettura completed designs for the apartment complex. *Id.* Bolin, McKinney Millennium, LP, McKinney Millennium GP, LLC, GFD Holdings, LLC, DSGN, and the Meckfessels received and/or had access to the Millennium designs. *Id.* In 2013, DSGN sought electronic versions of the designs pursuant to a proposed contract that contained terms and conditions for the designs' release. *Id.* ¶ 23. Plaintiffs signed the contract and sent the designs to DSGN and the Meckfessels. *Id.*

In the late fall of 2013, more than a year after Architettura submitted the Millennium design, DSGN told Architettura that Bolin was rejecting the design. *Id.* ¶ 24. DSGN and the Meckfessels then presented a new design, which Architettura claims was a slightly modified version of its design for Taylor Farms. *Id.* ¶ 25. McKinney Millennium, LP also created a marketing brochure for the Millennium project. *Id.* ¶ 26. Architettura did not authorize the creation or dissemination of the marketing brochure. *Id.* For these actions, Architettura asserts direct and vicarious copyright infringement claims against BCP and BCCC.

BCP and BCCC moved to dismiss, arguing that Architettura cannot state copyright infringement claims against them solely based on their status as limited partners of McKinney Millennium, LP.

## II. THE RULE 12(b)(6) STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99

(5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. First, the "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Third, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the Court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

Architettura alleges that BCP and BCCC, as limited partners of McKinney Millennium, LP, are liable for direct and vicarious copyright infringement. As limited partners, however, BCP and BCCC generally are not liable for the obligations of the limited partnership. *See BJVSD Bird*

4

*Fam. P'ship, L.P. v. Star Elec., L.L.C.*, 413 S.W.3d 780, 784 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Under Texas law, a limited partner is only liable for the obligations of a limited partnership if the limited partner is also a general partner or if the limited partner participates in the control of the business. TEX. BUS. ORGS. CODE ANN. § 153.102(a). Even if the limited partner participates in the control of the business, however, that partner is only liable to "persons who transact business with the limited partnership reasonably believing, based on the limited partner's conduct, that the limited partner is a general partner." *BJVSD Bird Fam. P'ship, L.P.*, 413 S.W.3d at 784 (citing TEX. BUS. ORGS. CODE ANN. § 153.102(b); *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 499 (Tex. App.—Texarkana 2002, pet. denied)).

In the Third Amended Complaint (the "Complaint"), Architettura does not assert that BCP and BCCC were directly involved in any of the allegedly infringing activities. In fact, Architettura only references BCP and BCCC twice in the entire Complaint. First, Architettura includes the entities in the list of parties. Compl. 5. Second, Architettura notes that BCP and BCCC are partners of McKinney Millennium, LP. *Id.* ¶ 21.

In what appears to be an attempt to overcome the Complaint's lack of substantive allegations regarding BCP and BCCC, Architettura alleges for the first time in its response to the Supplemental Motion that BCP and BCCC are limited partners in name only. *See* Pl.'s Br. 5-6. Architettura argues that, as "Investment Limited Partner" and "Special Limited Partner," BCP and BCCC have "extensive control and the right to approve or disapprove of the operations of [McKinney Millennium, LP]." *Id.* at 6. These assertions are clearly rebutted by the McKinney Millennium, LP Partnership Agreement. The agreement notes: "[T]he Limited Partners shall not participate in the operation, management or control of the Partnership's business." Pl.'s Br. Ex.

5

CC at BD 03255.[2] It further states that the General Partner "shall exercise full and exclusive control over the affairs of the Partnership." *Id.* at BD 03232.

The only limitations on this control are found in Section 5.3, which requires BCCC, as Special Limited Partner, to consent before the General Partner takes actions such as contravening the partnership agreement, instituting a legal action, or commingling partnership funds. *Id.* at BD 03232-35. In Texas, a limited partner does not participate in the control of the business just because it "possesses or exercises" the power to "propos[e], approv[e], or disapprov[e] . . . any . . . matter stated in the partnership agreement." TEX. BUS. ORGS. CODE ANN. § 153.103. Thus, the Court finds that BCP and BCCC did not participate in the control of McKinney Millennium, LP for liability purposes.

Regardless of whether BCP and BCCC participated in the control of the business, Architettura has wholly failed to show, or even argue, that it transacted business with the entities under the belief that they were general partners. Therefore, BCP and BCCC, in their roles as limited partners of McKinney Millennium, LP, are not liable to Architettura.

Additionally, the infringements Architettura lists in the Complaint occurred between 2011 and 2013. Defs.' Br. 6-7. BCP and BCCC did not become limited partners of McKinney Millennium, LP until March 28, 2014. *Id.* at 6. Thus, BCP and BCCC could not have directly infringed any of Architettura's copyrights between 2011 and 2013. They also could not have vicariously infringed any copyrights because they had neither a right to control nor a direct financial interest in McKinney Millennium, LP's activities. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005) ("[The] vicarious liability theory . . . allows

---

[2] The agreement defines "Limited Partners" as the Investment Limited Partner and the Special Limited Partner. Pl.'s Br. at BD 03211.

imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer . . . ."). Architettura contends that it only listed the dates of which it is currently aware and that "[s]ome of the infringements of the McKinney Millennium protected works occurred after the Fall of 2013."[3] Pl.'s Br. 9. However, the Complaint does not provide evidence of any infringements occurring on or after March 28, 2014. Thus, it fails to "raise [Architettura's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

For all of the aforementioned reasons, the Court grants the Supplemental Motion.

### IV. CONCLUSION

For the foregoing reasons, the Court grants BCP and BCCC's Supplemental Motion to Dismiss. To the extent that Architettura has requested additional discovery relevant to the Supplemental Motion, the Court denies that request. *See* Pl.'s Br. 9 ("Discovery could be conducted with [BCP and BCCC], which would result in more information to support Plaintiff's claims."); Letter from Mark J. Zimmermann to the Honorable Judge Karen Gren Scholer (Apr. 25, 2018) [ECF No. 173].

**SO ORDERED.**

SIGNED July 25, 2018.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

---

[3] Even if the Court were willing to assume the marketing brochure for the Millennium project was created on or after March 28, 2014, Architettura failed to allege that the brochure was infringing. Architettura merely alleged that the brochure breached the agreement between McKinney Millennium, LP and Architettura. *See* Compl. ¶ 26.

7