# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ARCHITETTURA, INC. | § § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3021-S |
| | § § § | |
| DSGN ASSOCIATES, INC., et al. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the Bolin Defendants'[1] Motion to Dismiss for Failure to State a Claim [ECF No. 116]. For the reasons set forth below, the Court grants the motion in part and denies it in part.

### I. THE COPYRIGHT DISPUTE

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Sidney A. Fitzwater to the docket of this Court on March 8, 2018.

This dispute arises out of the alleged use of Plaintiff Architettura, Inc.'s ("Architettura") protected works in the development and marketing of various real estate projects. Architettura is a Texas architectural firm run by Frank Pollacia ("Pollacia"). Third Am. Compl. ("Compl.") 2. Through his company, Pollacia creates original works, such as architectural drawings and renderings. *Id.* He has either obtained or sought copyright registrations for all works relevant to the instant case. *Id.* Architettura contracted with Defendant Brandon Bolin ("Bolin"), a Texas

---

[1] The "Bolin Defendants" are Brandon Bolin, McKinney Millennium II, LP, McKinney Millennium II GP, LLC, GFD Holdings, LLC, McKinney Millennium, LP, McKinney Millennium GP, LLC, BCP/McKinney Millennium, LLC, BCCC, Inc., Avondale Farms Seniors GP, LLC, Avondale Farms Seniors, LP, GD 2.0 Holdings, LLC, Benetta Lee Rusk, Rusk Real Estate, LLC, GroundFloor Development, GD Opportunity I, LLC, TF Development Limited Partnership, and Blue Line Lofts, LP.

lawyer, to build housing projects using Architettura's intellectual property. *Id.* Defendant DSGN Associates, Inc. ("DSGN") and its owners, Robert and Patricia Meckfessel (the "Meckfessels"), worked on several of the projects at issue as the interior design firm. *Id.*

### A. *Taylor Farms*

Bolin and Architettura first worked together on a project called Taylor Farms. *Id.* ¶ 19. Pursuant to an agreement with an entity owned by Bolin, TF Development Limited Partnership ("TFD"), Architettura provided Bolin with the architectural plans for Taylor Farms. *Id.* These plans were registered with the Copyright Office. *Id.* Bolin shared the plans with DSGN and the Meckfessels, allegedly in violation of the agreement between TFD and Architettura. *Id.* ¶ 20.

### B. *Millennium*

Bolin and Architettura next contracted to work together on an apartment complex in McKinney, Texas, called Millennium. *Id.* ¶ 21. Architettura entered into an agreement with McKinney Millennium, LP ("Millennium, LP"). *Id.* That entity's partners are Bolin, BCP/McKinney Millennium LLC, and BCCC, Inc. *Id.* Per the agreement, Architettura completed designs for the apartment complex. *Id.* Bolin, Millennium, LP, McKinney Millennium GP, LLC, GFD Holdings, LLC, DSGN, and the Meckfessels received those designs. *Id.*

In late 2013, DSGN told Architettura that Bolin was rejecting the Millennium design. *Id.* ¶ 24. DSGN and the Meckfessels then presented a new design, which Architettura claims was a slightly modified version of its Taylor Farms design. *Id.* ¶ 25. Millennium, LP also created a marketing brochure for the project. *Id.* ¶ 26. Architettura did not authorize the creation of the brochure, and the creation and dissemination of the brochure allegedly violated the contract between Architettura and Millennium, LP. *Id.*

### C. *Roundrock Avery Center and Post Oak Apartments*

In 2012, Bolin approached Architettura about doing a project in Round Rock, Texas, called Roundrock Avery Center. *Id.* ¶ 27. Architettura did a drawing for that project. *Id.* Architettura alleges that "the Bolin Entities" and DSGN took, copied, and used that drawing in a marketing brochure for a project called Avondale Seniors. *Id.*

In 2013, Architettura and Bolin worked together on a multi-family building called the Post Oak Apartments. *Id.* ¶ 28. McKinney Millennium II, L.P. owned that building. *Id.* Architettura contracted with McKinney Millennium II, LP to create a protected design for the project. *Id.*

### D. *Canyon Creek and the Marketing Submissions*

At Bolin's request, Architettura also designed a project called Canyon Creek. *Id.* ¶ 29. Architettura created a protected design for the project and gave that design to Bolin. *Id.* Bolin or one of his entities, along with DSGN, allegedly copied and used the design in the marketing brochure for the Avondale Seniors project. *Id.* Architettura did not work on the Avondale Seniors project but claims that Bolin or one of his entities, along with DSGN, used its designs on several pages of the brochure advertising the project. *Id.* ¶ 30. Architettura also alleges that GroundFloor Development, Bolin, the Meckfessels, and DSGN disseminated the brochure to others. *Id.* Architettura alleges that Benetta Lee Rusk ("Rusk") and her company, Rusk Real Estate, also worked on the brochure. *Id.* ¶ 32. Bolin and his entities allegedly "presented [Architettura's] protected works, including but not limited to, the marketing brochure" to Boston Capital Corporation while seeking investors for the Avondale Seniors project. *Id.* ¶ 35.

### E. *Blue Line Lofts*

Finally, Architettura claims that Blue Line Lofts, a Bolin project located in Rowlett, Texas, is an infringing copy of Architettura's proprietary works. *Id.* ¶ 37.

Based on the actions described above, Architettura asserts direct and vicarious copyright infringement claims against all of the Bolin Defendants. Architettura also asserts breach of contract claims against TFD, Millennium, LP, McKinney Millennium II, LP, DSGN, and the Meckfessels. The Bolin Defendants moved to dismiss Architettura's claims against them, arguing that Architettura failed to adequately allege copyright infringement. TFD, Millennium, LP, and McKinney Millennium II, LP additionally move to dismiss the breach of contract claims, arguing that the contract claims are preempted by federal copyright law.

## II. THE RULE 12(b)(6) STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. First, the "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Third, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the

plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

### A. *Copyright Infringement*

The Bolin Defendants allege that Architettura has failed to state a claim for either direct or vicarious copyright infringement. To establish a direct copyright infringement claim, a plaintiff must prove ownership of a valid copyright and copying of constituent elements that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). The first element, ownership, requires allegations that the work is original and can be copyrighted and that the plaintiff has complied with statutory formalities. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107-08 (5th Cir. 1991). The requisite statutory formalities are receipt of the application for registration, fee, and deposit by the Copyright office. *Id.* at 1108.

The second element, copying, requires factual copying and substantial similarity. *Baisden*, 693 F.3d at 499. A plaintiff may prove factual copying by direct or circumstantial evidence. *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007). A circumstantial claim requires proof that the defendant had access to the copyrighted work prior to creating the infringing work and that the works contain similarities that are probative of copying. *Id.* Substantial similarity requires proof that "the copyrighted expressions in the two works are sufficiently alike that the copyright to the original work has been infringed." *Id.*

Secondary liability can be either contributory or vicarious. Architettura has only pleaded a vicarious liability cause of action. The vicarious infringement theory imposes liability on a defendant when the defendant "profits directly from the infringement and has a right and ability to

6

supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005).

### i. *Direct Copyright Infringement*

#### a. *Ownership*

The Bolin Defendants first contend that Architettura has not sufficiently pleaded ownership of a valid copyright. However, the Court finds that Architettura has sufficiently alleged that it complied with the requisite statutory formalities and denies the Bolin Defendants' motion on this ground.

#### b. *Copying*

The Bolin Defendants also contest whether Architettura has sufficiently pleaded copying. The Bolin Defendants argue that Architettura failed to plead access, probative similarity, and substantial similarity. The tests for probative and substantial similarity are different, but "it is possible that the same evidence will satisfy both tests." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 n.8 (5th Cir. 2003). As to probative and substantial similarity, Architettura argues that it identified the protected designs that appear in the Avondale Seniors brochure, along with the page number on which each appears, and identified Defendants' infringing copies of Architettura's works. *See, e.g.*, Compl. ¶¶ 13, 30.

##### 1. *Probative and Substantial Similarity*

In evaluating probative similarity, courts compare the works as a whole. Courts "must consider the whole of the first work (including both copyrightable and non-copyrightable parts) and the whole of the second work and then compare the two works, looking for any similarities between their constituent parts." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d

357, 369-70 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

To determine similarity, the Court must first determine which two works it is comparing. Architettura adequately pleads its protected works by attaching copyright registrations to the Complaint. However, identifying the allegedly infringing work(s) is more difficult, as certain of Architettura's allegations are not supported by the attached exhibits. The Court finds that the only allegedly infringing works available for comparison are the Avondale Seniors marketing materials and the images found at Exhibits t and y.[2] Exhibit y is irrelevant, as it only bears DSGN's name, and Architettura has not pleaded that any other Defendants were involved in its creation. *See* Compl. ¶ 13 ("Exhibit y is an infringing copy of Plaintiff's Exhibit g and h."); *see also* Compl. ¶ 37 (arguing that Exhibit y is an infringing copy of Architettura's protected work, which "DSGN had access to and the ability to copy").

Exhibit t's relevance is unclear. According to the Complaint, it is the design DSGN presented to Bolin for the Millennium project. *See* Compl. ¶ 25. The Court concludes that the only defendant allegedly liable for Exhibit t is DSGN, which renders Exhibit t irrelevant to the analysis of claims against the Bolin Defendants. This conclusion is bolstered by the Complaint. *See, e.g.*, Compl. ¶ 8 ("Exhibit t is *DSGN's* infringing copy of Plaintiff's protected design, Exhibit a." (emphasis added)).

Because DSGN is not among the Defendants moving to dismiss Architettura's claims, the Court finds that Exhibits t and y are irrelevant for purposes of the Bolin Defendants' Motion to

---

[2] The Court finds that the Millennium marketing brochure is not an infringing work. Architettura alleges that Millennium, LP "breached the agreement with" Architettura by "creating and using [the] brochure," but it does not allege that the brochure is infringing. Compl. ¶ 26.

8

Dismiss. Thus, the only infringing works pleaded by Architettura are the Avondale Seniors marketing materials and Exhibits w and x, which are renderings included in the materials. Comparing the whole of the protected works to the whole of the marketing materials, the Court finds that Architettura has successfully pleaded probative similarity at this stage.

The focus of the substantial similarity inquiry is on whether factual copying is legally actionable. *See Positive Black Talk*, 394 F.3d at 370. The Court finds that a layman could view the protected works and the marketing materials as substantially similar. Thus, the Court finds that Architettura has sufficiently pleaded substantial similarity.

### 2. *Access*

Architettura has only sufficiently pleaded access as to some of the Bolin Defendants. "Access has been defined to include an opportunity to view the copyrighted work." *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 113 (5th Cir. 1978). Architettura must plead "a reasonable possibility of access" by the Bolin Defendants. *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001) (quoting *Ferguson*, 584 F.2d at 113). Architettura has sufficiently pleaded that Bolin, McKinney Millennium II, LP, GFD Holdings, LLC, GroundFloor Development, Millennium, LP, McKinney Millennium GP, LLC, Rusk, Rusk Real Estate, and TFD had access to at least one of the protected works.

As to the other defendants, Architettura's pleadings are insufficient to establish even a reasonable possibility of access. Architettura argues that it "set[] forth many facts to show that Bolin and his entities had direct access to . . . [Pollacia's] protected works." Pl.'s Br. 5. For support, Architettura points the Court to paragraphs 27, 29, and 30 of its Complaint. Paragraph 27 contains no allegations that anyone but Bolin had access to a protected work. Architettura alleges that Bolin requested a drawing for the Roundrock Avery Center and then jumps to the

conclusion that the drawing "was taken, copied, and used . . . by the Bolin entities." Compl. ¶ 27. Paragraph 29 is similarly inadequate. Architettura alleges that, at Bolin's request, Pollacia designed a project called Canyon Creek. Again, with no indication as to how any of Bolin entities gained access to that design, Architettura concludes that "Bolin, GroundFloor Development[,] *or another Bolin Entity* . . . copied and used the design." Compl. ¶ 29 (emphasis added).

Paragraph 30 follows the same pattern. Without a single factual allegation supporting even a reasonable possibility of access by any one of the many different Bolin entities, Architettura reasserts its conclusion that "Bolin, GroundFloor Development[,] *or another Bolin Entity* . . . copied [and] used Plaintiff's protected designs" on several pages of the Avondale Seniors marketing brochure. Compl. ¶ 30. This assertion fails to explain why only GroundFloor Development's name appears on the Avondale Seniors brochure.[3] *See* Compl. Ex. s. Without more, the Court cannot conclude that "another Bolin entity" had access to the protected works.

In its Complaint, Architettura concludes that "[a]ll defendants had access to plaintiff's original works." Compl. ¶ 38. This conclusion is not supported by a single fact in the Complaint, and the Court need not accept it as true. *See Ferrer*, 484 F.3d at 780. Thus, the Court finds that Architettura's allegations of access fail as to McKinney Millennium II, GP, LLC, Avondale Farms Seniors GP, LLC, Avondale Farms Seniors, LP, GD 2.0 Holdings, LLC, GD Opportunity I, LLC, Blue Line Lofts, LP, BCP/McKinney Millennium, LLC, and BCCC, Inc.[4] (collectively, the "Dismissed Defendants"). For this reason, the Court grants the Motion to Dismiss as to the Dismissed Defendants.

---

[3] Bolin's and GFD Holdings, LLC's names also appear on some iterations of the brochure, but, as noted above, the Court finds Architettura's allegations sufficient as to both of those defendants.
[4] The Court also dismisses BCP/McKinney Millennium, LLC and BCCC, Inc. for the reasons discussed in the Court's ruling on those entities' Supplemental Motion to Dismiss.

### c. *Infringing Acts*

Even if Architettura successfully pleaded access with regard to the Dismissed Defendants, the Court would dismiss Architettura's claims against them because the pleadings supporting those claims are impermissibly vague. Architettura fails to name many of these entities, choosing instead to allege generically that any or all of the "Bolin Entities" took, copied, and used the protected works in the Avondale Seniors marketing materials. *See, e.g.*, Compl. ¶ 27. The Fifth Circuit has upheld dismissal where plaintiffs "failed to allege specific acts of infringement by each defendant, thereby failing to adhere to the requirements of Fed. R. Civ. P. 8(a)." *Taylor v. IBM*, 54 F. App'x 794, 794 (5th Cir. 2002). Other courts within the circuit have followed suit. *See Springboards to Educ. v. Kipp Found.*, Civ. A. No. 3:16-CV-2436-G, 2017 WL 3917701, at *4 (N.D. Tex. Sept. 7, 2017) (collecting cases).[5]

The Court recognizes that at least one district court has questioned the requirement that a plaintiff plead specific acts of infringement. *See Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 964-65 (N.D. Tex. 2006) (rejecting requirement that plaintiff plead specific acts of infringement to extent that it imposes "a heightened pleading standard in cases of alleged copyright infringement"). Regardless, the *Greubel* court noted that, under any standard, a complaint must "give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Id.* at 965. Architettura's Complaint fails to give the Dismissed Defendants fair notice of the claims against them.

---

[5] In other contexts as well, courts in the Fifth Circuit have granted motions to dismiss where plaintiffs' failure to differentiate among defendants left defendants without notice of the claims against them. *See Jackson v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-2387-G-BN, 2018 WL 1001859, at *4-*5 (N.D. Tex. Jan. 8, 2018) (collecting cases), *adopted by* Civ. A. No. 3:17-CV-2387-G-BN, 2018 WL 949226 (N.D. Tex. Feb. 16, 2018).

11

The *Greubel* plaintiffs included a printout of allegedly infringing files taken from the defendant's computer and specifically alleged that the (single) defendant violated their exclusive rights of reproduction and distribution. *See* 453 F. Supp. 2d at 965-66. Architettura, by contrast, has failed to connect any of the Dismissed Defendants to the alleged infringements and only argues vaguely that they took, copied, and used the protected works. *Cf. id.* at 966 ("Plaintiffs have adequately stated acts of copyright infringement by alleging that Greubel has violated Plaintiffs' exclusive rights of reproduction and distribution, which are specific enumerated rights recognized under copyright law.").

Without specifically naming any particular entity, Architettura repeatedly alleges that the Bolin Defendants took, copied, and used various protected works. *See, e.g.*, Compl. ¶¶ 27, 29-30. The only added detail is the allegation that the works were used in the marketing materials for the Avondale Seniors project.[6] The brochure clearly states, on its front cover, that GroundFloor Development is responsible for the project. *See* Compl. Ex. s. None of the allegations or attached organizational charts show a connection between GroundFloor Development and any Bolin entity other than Bolin himself. It is unclear why the Dismissed Defendants would have been involved with the Avondale Seniors brochure, and the Complaint does nothing to answer that question. Thus, Architettura's "bare-bones allegations of copyright infringement do not satisfy the pleading requirements of Rule 8(a)" as to the Dismissed Defendants. *Marshall v. McConnell*. No. Civ. A. 3:05-CV-1062-L, 2006 WL 740081, at *4 (N.D. Tex. Mar. 23, 2006).

---

[6] As discussed above, the Court only considers the Avondale Seniors marketing materials for purposes of this analysis because Architettura's pleadings fail with regard to other alleged infringements by the Bolin Defendants.

###  ii. *Vicarious Copyright Infringement*

Finally, Architettura has failed to allege vicarious infringement as to almost all of the Bolin Defendants. Architettura's only allegation regarding vicarious infringement by anyone other than Bolin himself is, "Additionally, all defendants have engaged in vicarious copyright infringement. Vicarious copyright infringement occurs when a defendant has a direct financial interest in the infringing activity and had the right and ability to supervise the infringing party's acts, which caused the infringement." Compl. 14.

Tellingly, in Architettura's response to the Motion to Dismiss, it points to no paragraph of the Complaint alleging that any defendant, other than Bolin, had the right and ability to supervise an infringing party's acts. Architettura claims that its Complaint "outlines the ownership and financial interests of each of the Bolin Defendants." *See* Pl.'s Br. 6. Architettura seems to rely on organizational charts to make this claim for many of the defendants. *See* Compl. Ex. r; *see also* Compl. ¶ 6 ("Exhibit r contains the organizational charts for the Avondale Farms Seniors defendants, showing ownership interest."). However, the Court cannot infer from the organizational charts, attached without explanation, which, if any, defendants had the right and ability to supervise which other defendants. No other allegations in the Complaint shed any light on this issue. It is unclear whether any defendant other than Bolin had supervisory ability, and Architettura did not clarify this point in its briefing on the Motion to Dismiss.

Architettura cites only one case in support of its argument that its pleadings are adequate, but its reliance on *ZeniMax Media, Inc. v. Oculus VR, LLC* is misplaced. 166 F. Supp. 3d 697 (N.D. Tex. 2015). The *ZeniMax* court found the plaintiff's allegations sufficient because the defendant 1) knew the other defendant had been accused of copyright infringement at the time of acquisition; 2) contributed to the infringing conduct through its acquisition, support, direction, and

13

financing; and 3) had the opportunity to supervise the infringing acts as sole owner. 166 F. Supp. 3d at 704-05. Architettura's allegations are inadequate compared to the *ZeniMax* allegations.

Further, the Complaint contains very few allegations about which entities would have had a direct financial interest in the infringing conduct. Architettura alleges that Bolin, Rusk, and Rusk Real Estate disseminated Architettura's intellectual property to solicit investments and to secure a buyout. Compl. 3. At this stage, the Court finds that allegation sufficient to establish a direct financial interest. As to the rest of the Bolin Defendants, however, Architettura failed to "connect all [or any of] the dots" for its vicarious liability claim. Pl.'s Br. 7. Because Architettura has only successfully pleaded both elements of a vicarious copyright infringement claim as to Bolin, the Court grants the motion to dismiss Architettura's vicarious copyright infringement cause of action as to all Bolin Defendants other than Bolin himself.

### B.     *Breach of Contract*

TFD, Millennium, LP, and McKinney Millennium II, LP also move to dismiss Architettura's breach of contract claims on the ground that those claims are preempted by federal copyright law. The Fifth Circuit applies a two-part test to determine whether the Copyright Act preempts a state law claim. *See Genesys Software Sys., Inc. v. Comerica Bank*, No. 3:12-CV-2682-N, 2013 WL 12126264, at *1. First, the court must determine whether the state law cause of action falls "within the subject matter of copyright." *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995). Second, the court must determine whether the cause of action "protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Id.* (quoting *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 294 (E.D. Tex. 1988)).

The Court finds Architettura's breach of contract pleadings sufficient to survive a Rule 12(b)(6) attack based on preemption. Thus, the Court denies TFD, Millennium, LP, and McKinney Millennium II, LP's motion to dismiss Architettura's breach of contract claims.

## IV. THE COURT DENIES LEAVE TO REPLEAD

Architettura has had three opportunities to amend its pleadings in the one-and-a-half years this case has been pending. During this time, Architettura has "had multiple opportunities to amend [its] pleadings, and even had the benefit of prior motions to dismiss . . . to alert [it] to potential problems with [its] pleadings." *Boyd v. City of River Oaks, Tex.*, Nos. 4:13-CV-443-A, 4:13-CV-511-A, 2014 WL 1814107, at *3 (N.D. Tex. May 7, 2014). The Court presumes that Architettura has pleaded its best case at this point and denies it "yet another bite at the apple." *Id.* Thus, the Court denies Architettura an opportunity to replead.

## V. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Bolin Defendants' motion to dismiss.

**SO ORDERED.**

SIGNED July 25, 2018.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**